IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESSE L. GARCIA,

        Plaintiff,

vs.                                                                                                                     No. CIV 96-472 LH/LFG

MIMI H. SILBERT, President/CEO
Delancey Street New Mexico, in her
individual and official capacity,

        Defendant.

## MAGISTRATE JUDGE'S ANALYSIS
## AND RECOMMENDED DISPOSITION[1]

THIS MATTER came before the Court on Defendant Mimi Silbert's ("Silbert") Motion to Dismiss pursuant to 28 U.S.C. 1915(e)(2) filed March 5, 1999 [Doc. 36], and upon Plaintiff Jesse L. Garcia's ("Garcia") response filed May 14, 1999. Defendant Silbert moves to dismiss the instant action on the ground that Garcia's complaint is frivolous and malicious and fails to state a claim upon which relief can be granted.

In November 1994, Garcia was sentenced by the Honorable David W. Bonem of the Ninth Judicial District Court, Curry County, to a drug rehabilitation program run by Delancey Street. Garcia alleges that in April 1995 and May 1995, he complained about a decayed tooth. He alleges that he was told to "hold on" and given Tylenol to manage his pain. Also, in May, Garcia left the

---

[1] Within ten (10) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the analysis and recommendation. If no objections are filed, no appellate review will be allowed.

program without permission and was found by the court to have violated his probation. The court applied the three-strikes provision of the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. §1915(g) and dismissed Garcia's complaint. The United States Court of Appeals for the Tenth Circuit reversed the dismissal, holding that the provision applies only to actions brought after the effective date of the legislation and remanded the matter. On December 14, 1998, all of Garcia's claims against Peter Antenirol were dismissed without prejudice, thereby leaving only his claims against Silbert.

Silbert contends that Garcia fails to state a viable section 1983 against her because he recites no personal involvement on her part in the alleged denial of dental care other than her position as head of the organization.

Section 1915(e)(2)(B)(II) of the PLRA provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief can be granted." This is the same standard as that under Fed. R. Civ. P. 12(b)(6). Under this standard, the court accepts the allegations and any reasonable inferences that might be drawn from then, in the light most favorable to the plaintiff. *See Brejdenbach v. Bolish*, 126 F.3d 1288, 1292 (10th Cir. 1997).

Because Garcia is proceeding pro se, the Court construes his pleading liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Thus, dismissal of a pro se complaint for failure to state a claim is proper where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend. *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997). The law is clear that "individual liability under Section 1983 must be based on personal involvement in the alleged constitutional violation. *Foote v. Spiegel* 118 F.3d 1416, 1423 (10th Cir. 1997). Here, Garcia has alleged no personal involvement by Silbert in the allegations

regarding the denial of dental care. Moreover, supervisor liability is limited under Section 1983. A supervisor cannot be held liable on a theory of *respondeat superior*, for an employee's unconstitutional actions. *Green v. Branson*, 108 F.3d 1296, 1304 (10th Cir. 1997). Indeed, a supervisor may be liable only when the supervisor is personally involved in the violation or when the supervisor's corrective inaction constitutes deliberate indifference. Garcia has not offered any proof that Silbert knew about his complaints of tooth pain, let alone has he shown deliberate indifference on her part. While a Schedule III narcotic drug might have been more effective for pain control management, its use in a drug rehabilitation program is contra indicated. Garcia's dissatisfaction with the Tylenol given does not rise to the level of a constitutional violation. Moreover, Garcia left the facility and, thus, the center could provide no further treatment. Accordingly, the Court finds that Silbert's motion to dismiss should be granted.

## Recommended Disposition

That Defendant's Motion to Dismiss be granted and that the action be dismissed with prejudice.

_____
Lorenzo F. Garcia
United States Magistrate Judge